2012 Ark. 23

**ARKANSAS LOTTERY COMMISSION, Ernie Passailaigue, Director, Appellant**

v.

**ALPHA MARKETING, Appellee.**

No. 11–383.

Supreme Court of Arkansas.

Jan. 26, 2012.

Dustin McDaniel, Atty. Gen., by: Mark N. Ohrenberger, Asst. Atty. Gen., Little Rock, for appellant.

Davidson Law Firm, by: Charles Darwin "Skip" Davidson, Little Rock, for appellee.

COURTNEY HUDSON GOODSON, Justice.

Appellant Arkansas Lottery Commission (Commission) purports to bring this interlocutory appeal from an order entered by the Pulaski County Circuit Court addressing its motion to dismiss the amended complaint of appellee Alpha Marketing. For reversal, the Commission asserts that the circuit court erred by failing to grant its motion to dismiss Alpha Marketing's claims for damages and injunctive relief because those claims are barred by the doctrine of sovereign immunity. We dismiss the appeal because the circuit court did not rule on the sovereign-immunity issue.

The record discloses that on March 18, 2010, Alpha Marketing filed a complaint for declaratory judgment naming the Commission as the defendant and seeking a determination that its trademarks, "ARKANSAS LOTTERY," "ARKANSAS LOTTO," and "LOTTERY ARKANSAS," are valid and that it was entitled to the exclusive use of those marks. In its complaint, Alpha Marketing asserted that it is engaged in the business of advertising, promotion, and the sale of goods via radio, internet, and print media throughout Arkansas. It alleged that it had used the trademarks in the ordinary course of trade and that the Arkansas Secretary of State had recorded and issued to it Certificates of Trademark Registration for each of the marks. Further, Alpha Marketing alleged that, in May 2009, a Senior Assistant Attorney General had sent it a cease-and-desist letter threatening legal action if it did not immediately cease all marketing efforts involving the trademarks. The

complaint detailed a series of correspondence between Alpha Marketing or its counsel and the Attorney General's Office, culminating in a letter from the Senior Assistant Attorney General dated August 21, 2009, informing Alpha Marketing that the Attorney General's Office was taking no further action "at this time" and that the matter would be referred to the Commission. The Commission answered the complaint, and pleading as an affirmative defense, it asserted that Alpha Marketing's registration of the trademarks was contrary to law and that the registrations of the marks should be cancelled.

Thereafter, Alpha Marketing filed an amended complaint on August 30, 2010. In it, Alpha Marketing reasserted its request for declaratory judgment and added a claim for trademark infringement against the Commission. As its claim for trademark infringement, Alpha Marketing alleged that the Commission had used, without its consent, colorable imitations of its registered trademarks in connection with the sale, distribution, and advertising of the Commission's goods and services. As relief, Alpha Marketing sought damages for lost profits and an injunction to prohibit the Commission from manufacturing, using, displaying, or selling any imitations of its registered marks.

On September 21, 2010, the Commission filed a motion to dismiss the amended complaint on both Alpha Marketing's request for declaratory judgment and its claim of trademark infringement. In its motion and accompanying brief, the Commission asserted that Alpha Marketing's claim for declaratory judgment should be dismissed because Alpha Marketing's trademark registrations were improperly granted and because the marks were not entitled to trademark protection. Specifically, the Commission argued that the marks were deceptive and implied an illegal purpose because lotteries were not au-

thorized in the State of Arkansas when the registrations were obtained. In support of this proposition, the Commission relied on a decision from the Minnesota Court of Appeals, *State by Andersen v. Reward Corp.*, 482 N.W.2d 815 (Minn.Ct.App.1992). The Commission also argued that the trademarks were improperly granted and invalid because the marks falsely suggest a connection between Alpha Marketing's business and the Arkansas Scholarship Lottery and because the marks were deceptively misdescriptive. Further, the Commission asserted that, even if the trademarks were valid, Alpha Marketing was not entitled to exclusive rights to the marks because the trademarks were merely descriptive without secondary meaning. With regard to the claim for trademark infringement, the Commission asserted that the complaint had failed to state facts upon which relief could be granted because Alpha Marketing had not alleged facts identifying any instance where the Commission had used colorable imitations of Alpha Marketing's trademarks. Finally, the Commission maintained that the doctrine of sovereign immunity barred Alpha Marketing's request for damages and injunctive relief for trademark infringement.

In response to the motion to dismiss, Alpha Marketing disputed the Commission's contention that its request for declaratory judgment should be dismissed. It maintained that its trademarks were not deceptive or deceptively misdescriptive. It also argued that the decision from Minnesota relied upon by the Commission was inapposite. In addition, Alpha Marketing asserted that its trademarks do not suggest a connection between it and the Arkansas Scholarship Lottery and that it had established a secondary meaning for the marks. Alpha Marketing further argued that its claim of trademark infringement withstood the motion to dismiss. It asserted that it had alleged sufficient facts

upon which relief could be granted. Alpha Marketing also contended that the claim was not barred by sovereign immunity because the cease-and-desist letter sent from the Attorney General's Office was an act of inverse condemnation of its intellectual property.

After a hearing, the circuit court entered an order announcing its decision on March 11, 2011. After reciting the procedural history of the case and briefly outlining the parties' various contentions, including those surrounding the issue of sovereign immunity, the circuit court ruled as follows:

> On August 23, 2002, the Arkansas Secretary of State issued Alpha Marketing a certificate of trademark registration for the terms "Arkansas Lottery" and "Arkansas Lotto." On February 10, 2009, the Secretary of State issued Alpha Marketing a certificate of trademark registration for the term "Lottery Arkansas." The Lottery Commission's motion challenges the trademarks by questioning whether any entity other than the Commission is entitled to use the terms "lottery" and "Arkansas Lottery." First, the court is unpersuaded that Alpha Marketing's complaint has not asserted a claim for trademark infringement. This is not a question about whether infringement has occurred. Rather, the Court simply recognizes that Alpha Marketing's complaint is legally sufficient to assert a claim for trademark infringement. The complaint refers to the existence of trademarks, the fact that the marks are held by Alpha Marketing by valid authority of the Arkansas Secretary of State, and makes the claim that the Lottery Commission is infringing on the marks. Those allegations certainly are sufficient to state a claim for trademark infringement.
>
> The State of Arkansas, acting through the Secretary of State, issued the trademarks that Alpha Marketing holds and claims are being infringed upon by the Lottery Commission. Those marks were sought and issued openly. The Secretary of State issued them with full knowledge what they were. By challenging the marks as unlawfully held, misleading, or deceptive, the Lottery Commission's dismissal motion amounts to an accusation that the Arkansas Secretary of State was complicit in unlawful, misleading, or deceptive conduct. The court finds that argument unpersuasive.
>
> It necessarily follows, therefore, that Defendant's motion to dismiss Plaintiff's amended complaint must be denied. Alpha Marketing's complaint alleges that Alpha Marketing holds trademarks that are being infringed upon by the Lottery Commission. Mere use of the words "lottery" and "Arkansas Lottery" and "Arkansas Lotto" is not unlawful in Arkansas. Counsel for the Lottery Commission identified no court opinion in Arkansas to the contrary. As this case must be decided based on Arkansas law, the Court found the Commission's reliance on court opinions from other jurisdictions unpersuasive.
>
> The motion to dismiss for failure to state a claim upon which relief can be granted is denied.

The Commission filed a timely notice of appeal from this order from which it brings this interlocutory appeal.

■ On appeal, the Commission contends that the circuit court erred in denying its motion to dismiss Alpha Marketing's claims for damages and injunctive relief because those claims are barred by sovereign immunity. However, the circuit court did not address the issue of sovereign immunity in its order, and the absence of an express ruling is fatal to this interlocutory appeal.

Ordinarily, an appeal must be taken from a final judgment or decree entered by the circuit court. *Carter v. Cline,* 2011 Ark. 474, 385 S.W.3d 745; Ark. R.App. P.–Civ. 2(a)(1). This rule is not without exception. As pertinent here, Rule 2(a)(10) of the Arkansas Rules of Appellate Procedure—Civil permits an appeal from an interlocutory "order denying a motion to dismiss or for summary judgment based on the defense of sovereign immunity or the immunity of a government official." The rationale for this exception is sound, because the right to immunity from suit is effectively lost if the case is permitted to go to trial. *See Simons v. Marshall,* 369 Ark. 447, 255 S.W.3d 838 (2007); *State v. Goss,* 344 Ark. 523, 42 S.W.3d 440 (2001).

Logic dictates that, before an interlocutory appeal may be pursued from the denial of a motion to dismiss on the ground of sovereign immunity, we must have in place an order denying a motion to dismiss on that basis. In this case, the Commission moved for dismissal on multiple grounds, only one of which was based on the defense of sovereign immunity. In its order, the circuit court noted that the Commission had raised the issue of sovereign immunity in defense of the claims for monetary and injunctive relief. However, the circuit court ruled only on the Commission's separate claim that Alpha Marketing had not stated a cause of action for trademark infringement. The court did not pass judgment on the Commission's argument that the relief sought by Alpha Marketing was barred by sovereign immunity. It is axiomatic that, without a ruling on the sovereign-immunity issue, there can be no interlocutory appeal.

This point is ably demonstrated by our decision in *Carquest of Hot Springs, Inc. v. General Parts, Inc.,* 361 Ark. 25, 204 S.W.3d 53 (2005). In that case, the appellant purported to bring an interlocutory appeal from an order denying class certification. Such orders are subject to an immediate appeal pursuant to Rule 2(a)(9) of the Arkansas Rules of Appellate Procedure—Civil. We dismissed the appeal, however, because the order appealed from contained no ruling denying class certification. Likewise, in *Malone & Hyde, Inc. v. West & Co. of La., Inc.,* 300 Ark. 435, 780 S.W.2d 13 (1989), we dismissed an interlocutory appeal that was purportedly brought from an order denying a request for an injunction. Similarly, orders refusing an injunction may be appealed on an interlocutory basis under Rule 2(a)(6). We dismissed the appeal because, in actuality, the circuit court's order contained no ruling refusing to grant an injunction.

Nor can we presume a ruling from the circuit court's silence. We have held that we will not review a matter on which the circuit court has not ruled, *and a ruling should not be presumed. Wilson v. Dardanelle Dist. of the Dist. Court of Yell Cnty.,* 375 Ark. 294, 290 S.W.3d 1 (2008) (emphasis supplied); *see also Stilley v. Univ. of Ark. at Fort Smith,* 374 Ark. 248, 287 S.W.3d 544 (2008); *Reed v. Guard,* 374 Ark. 1, 285 S.W.3d 662 (2008); *Fordyce Bank & Trust Co. v. Bean Timberland, Inc.,* 369 Ark. 90, 251 S.W.3d 267 (2007).

With regard to the requirement of a ruling, our decision of *White v. Davis,* 352 Ark. 183, 99 S.W.3d 409 (2003), is instructive. There, the appellant raised a question of venue in circuit court, but the court offered no ruling on that issue. We took the case on review from the court of appeals, which had held that the circuit court had resolved the issue, sub silentio, by continuing with the hearing. We disagreed with the court of appeals's conclusion that the continuation of the hearing constituted a denial of the motion, and we held that the question of venue was not preserved for appeal because the circuit

court had not expressly ruled on that issue. In so holding, we relied on *McDonald v. Wilcox*, 300 Ark. 445, 780 S.W.2d 17 (1989), from which we quoted the following excerpt:

> We have held many times that the burden of obtaining a ruling is on the movant and objections and questions left unresolved are waived and may not be relied upon on appeal. *Richardson v. State*, 292 Ark. 140, 728 S.W.2d 189 (1987); *Britton v. Floyd*, 293 Ark. 397, 738 S.W.2d 408 (1987); *Williams v. State*, 289 Ark. 69, 709 S.W.2d 80 (1986). By appellant's failure to include any record of a ruling, we are faced with essentially the same situation on review.
>
> We have no way of determining from the record that the trial court did in fact make a ruling, nor, assuming one was made, the nature or extent of the ruling. It may be that the trial court reserved a ruling until the evidence was more fully developed and that the issue was left unresolved. It may be that depending on the ruling, appellant waived any objection on appeal, because it was he who elicited proof of the convictions during his case in chief. The point is that with no record of a ruling we can only speculate as to whether a ruling was made and what the particulars of the ruling may have been. Obviously, for an accurate and fair review of the question, that information is critical.

*McDonald*, 300 Ark. at 447–48, 780 S.W.2d at 19–20. We concluded the *White* opinion by saying:

> Consistency requires that we follow our long-standing rule that a moving party bears the burden of obtaining a ruling on any objection, and in the absence of such a ruling, the issues are not preserved for our review. Because Baker did not properly obtain a ruling on his objection to venue being in Faulkner County, we are unable to reach the merits of this appeal, and the decision of the trial court is affirmed.

*White*, 352 Ark. at 187, 99 S.W.3d at 412–13.

■ For some undisclosed reason, the circuit court neglected to rule on the issue of sovereign immunity, leaving the question to be decided on another day. Where no final or otherwise appealable order is entered, this court lacks jurisdiction to hear the appeal. *Ford Motor Co. v. Harper*, 353 Ark. 328, 107 S.W.3d 168 (2003). Because we have not acquired jurisdiction, we dismiss the appeal without prejudice, so that the Commission may return to circuit court to obtain a ruling for this court to review on an interlocutory basis.

Dismissed.

HANNAH, C.J., BROWN, and BAKER, JJ., dissent.

JIM HANNAH, Chief Justice, dissenting.

I respectfully dissent. The circuit court decided the issue of sovereign immunity, and the issue is ripe for appellate review. The lack of specific mention of the issue of sovereign immunity in the order does not mean the issue was not decided. The order provides as follows: "After reviewing the motion, response, reply, supporting briefs, and after considering the argument made by counsel during a February 24, 2011 hearing on the motion to dismiss, the Court denies the motion." The issue of sovereign immunity was argued in the pleadings and in oral argument. Therefore, pursuant to the order, the issue of sovereign immunity was considered and decided. I join Justices Baker's and Brown's dissents. The majority decision ignores what the circuit court did and improperly restricts our ability to reach is-

sues presented on appeal and decide cases on their merits.

BROWN and BAKER, JJ., join.

ROBERT L. BROWN, Justice, dissenting.

Today's majority opinion defies belief in that it fails to recognize what was obvious to everyone at the trial of this matter and that is that by denying the Commission's motion to dismiss, which clearly raised the issue of sovereign immunity, the circuit judge ruled against the motion to dismiss based on sovereign immunity. Why is this so obvious? Well, because the circuit judge said he had considered the issues raised, which included sovereign immunity, and allowed the trial to continue. We have held time and time again that sovereign immunity is jurisdictional immunity from suit, and where the pleadings show that the action is one against the State, the circuit court acquires no jurisdiction. *See Ark. Tech University v. Link*, 341 Ark. 495, 17 S.W.3d 809 (2000); *Grine v. Board of Trustees*, 338 Ark. 791, 2 S.W.3d 54 (1999). By denying the Commission's motion to dismiss, the circuit court effectively determined that the Commission was "not entitled to immunity from suit, as the right of immunity from suit is effectively lost if a case is permitted to go to trial." *Helena–West Helena School Dist. v. Monday*, 361 Ark. 82, 84, 204 S.W.3d 514, 516 (2005); *see also Ozarks Unlimited Resources Coop., Inc. v. Daniels*, 333 Ark. 214, 969 S.W.2d 169 (1998); *Nucor Holding Corp. v. Rinkines*, 326 Ark. 217, 931 S.W.2d 426 (1996); *Robinson v. Beaumont*, 291 Ark. 477, 725 S.W.2d 839 (1987).

In my judgment, it is the obligation of this court to facilitate trials through our procedures, not impede them. By requiring additional magic words from the circuit judge, which would amount to surplusage in light of the judge's clear decision, and by discounting his actions, this court has endorsed a trap for the unwary in the practice of law. As recognized by many in the legal profession, our court more than once has created a Serbonian Bog of formalistic procedures and traps. *See, e.g.,* Leon Holmes, *Pitfalls of the Appellate Practice: Avoiding the Serbonian Bog*, 35 Ark. Law. 10 (Sum.2000). Today's decision is no exception.

Justice Baker states the case well in her dissent, and I join it. Procedures for the practice of law need not be so arcane and rigid but must employ a reasonable and practical standard. Today's decision does not do that. For these reasons, I dissent.

HANNAH, C.J., and BAKER, J., join this dissent.

KAREN R. BAKER, Justice, dissenting.

Because I believe the majority wrongly concludes that the issue of sovereign immunity is not preserved for appellate review, I dissent.

There is no dispute that this court will not consider arguments that are not preserved for appellate review. *Advance Am. Servicing of Ark., Inc. v. McGinnis*, 375 Ark. 24, 289 S.W.3d 37 (2008). This requires litigants to present arguments initially to the trial court in order to give that court an opportunity to consider them. *Id.* Appellate review is available when the trial court "rules on the issue" presented. *Doe v. Baum*, 348 Ark. 259, 277, 72 S.W.3d 476, 486 (2002).

Here, the circuit court's order states that "[a]fter reviewing the motion, response, reply, supporting briefs, and after considering the arguments made by counsel during a February 24, 2011 hearing on the motion to dismiss, the court denies the motion." The issue of sovereign immunity was raised in the motion, response, reply, supporting briefs, and during the hearing on the motion. The order explicitly states that the filings had been reviewed and the arguments considered in denying the mo-

tion to dismiss. Therefore, the issue of sovereign immunity is preserved for appellate review. This is especially true where, as here, our review is pursuant to Arkansas Rule of Appellate Procedure—Civil 2(a)(10). An "interlocutory appeal is allowed by Arkansas Rule of Appellate Procedure—Civil 2(a)(10) solely because [a] motion to dismiss was based on the defense of sovereign immunity." *Univ. of Ark. for Med. Scis. v. Adams*, 354 Ark. 21, 24, 117 S.W.3d 588, 590 (2003). An order denying without explanation a motion to dismiss preserves the issue of sovereign immunity for appellate review because it was raised as a ground for dismissal. *Simons v. Marshall*, 369 Ark. 447, 255 S.W.3d 838 (2007).

₁₂The majority asserts that "logic dictates" the issue of sovereign immunity is not preserved for appellate review and relies upon cases that are easily distinguished. *Carquest of Hot Springs* held that "where the underlying claims in a potential class action are dismissed, and those claims are fewer than all of the claims in the lawsuit, the dismissal of such claims without resolution of the remaining claims does not constitute a 'final order.'" *Carquest of Hot Springs, Inc. v. General Parts, Inc.*, 361 Ark. 25, 32, 204 S.W.3d 53, 58 (2005). We said that "the circuit court's order granting the motion to dismiss does not indicate that the court considered the issue of class certification." *Id.* at 31, 204 S.W.3d at 57. Here, the circuit court's order states that the issue of sovereign immunity was considered. *Malone & Hyde, Inc. v. West & Co. of La., Inc.*, 300 Ark. 435, 780 S.W.2d 13 (1989), held that while Arkansas Rule of Appellate Procedure—Civil 2 allows an appeal from a denial of an injunction, an order denying summary judgment that did not deny the request for an injunction was not immediately appealable. We said that "[i]t is clear the chancellor has not made a decision on the matter of injunctive relief ex-

cept to say that he will not grant one by way of summary judgment. The possibility of an injunction being granted after the facts are developed remains." *Malone & Hyde*, 300 Ark. at 437–38, 780 S.W.2d at 15. Here, the Lottery Commission presented its motion to dismiss on grounds of sovereign immunity to the trial court, the trial court considered this motion and entered an order denying the motion.

Next, the majority errs in concluding that the circuit court was silent on the issue of sovereign immunity by comparing this case to *McDonald v. Wilcox*, 300 Ark. 445, 780 S.W.2d 17 (1989), and *White v. Davis*, 352 Ark. 183, 99 S.W.3d 409 (2003). The *Wilcox* court said ₁₃that "[w]hile the statement of facts in appellant's brief recites that the attorneys for both parties met in chambers, that the motion in limine was heard by the trial court and the motion denied at that time, there is nothing in the record, nor consequently in appellant's appendix, to show that the motion was ever ruled on." *Wilcox*, 300 Ark. at 447, 780 S.W.2d at 18. The court further said that "[t]here is no written order showing denial of the motion nor is there any record of proceedings in chambers where, appellant contends, the motion was denied." *Id.* Here, it is undisputed that there are no "off the record" proceedings regarding sovereign immunity and the circuit court entered a written order denying appellant's motion to dismiss.

Any reliance on *White* is also unsound, which is apparent when the concluding paragraph quoted by the majority is placed in the context of the preceding paragraph in the *White* opinion.

Here, Noel Baker's counsel told the judge that he did not agree to the hearing, and it was counsel's position that venue was in Searcy County, not Faulkner County. However, counsel made no mention of the venue statute, § 16–13–317, he now attempts to argue on ap-

peal. Although the statute authorized the judge to hold the hearing in Faulkner County to render "appropriate orders" with respect to the pending cause in Searcy County, counsel failed to point out to the judge that only "contested cases" may not be tried outside the county of venue of the case without agreement of the parties. Despite this failure, Noel Baker now raises those specific venue issues in this appeal, although those issues were never brought to the trial judge's attention for a ruling below.

Consistency requires that we follow our longstanding rule that a moving party bears the burden of obtaining a ruling on any objection, and in the absence of such a ruling, the issues are not preserved for our review. Because Baker did not properly obtain a ruling on his objection to venue being in Faulkner County, we are unable to reach the merits of this appeal, and the decision of the trial court is affirmed.

*White,* 352 Ark. at 186–87, 99 S.W.3d at 412–13 (footnotes and internal citations omitted). $|_{14}$Here, it is uncontested that the Lottery Commission advanced the same argument below that it advances now on appeal. And again, there is a written order in this case, something that was lacking in *White.*

Because the issue of sovereign immunity was presented to the circuit court in a motion to dismiss and the circuit court's order denying the motion to dismiss stated that it considered the issue of sovereign immunity, the issue is properly before us for review. I would review the issue on its merits.

HANNAH, C.J., and BROWN, J., join in this dissent.