

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CV–14–166

| | |
|---|---|
| | **Opinion Delivered** September 3, 2014 |
| TRAVIS TRAMMELL<br>APPELLANT | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. CIV-2013-0680-4] |
| V. | |
| LINDA MARLENE WRIGHT | HONORABLE JOHN SCOTT, JUDGE |
| APPELLEE | DISMISSED |

## BRANDON J. HARRISON, Judge

This case concerns a mistake in identity that occurred, and the fallout from it, when City of Bella Vista police officer Travis Trammell approached Linda Wright and several others while investigating a report of unlawful target shooting in an area known as the "Grosvenor Gravel Pits." Officer Trammell arrested Linda Wright after receiving information from an Arkansas Crime Information Center (ACIC) check that she had an outstanding warrant for her arrest for failing to appear in Elkins District Court. Wright promptly objected, claiming that she did not fail to appear for any court appearance. Officer Trammell returned to his police car and sought confirmation of the warrant's existence from a Washington County authority; the county affirmed the ACIC hit. Wright was arrested and transported to jail based solely on the information the police officer received from the ACIC check and the Washington County follow-up.

Wright was cleared of any wrongdoing after she investigated the warrant's accuracy and learned that the Elkins-based warrant had been issued against one "Linda M. Wright," a person having a different home address, date of birth, and driver's license number than Appellant Wright. Wright sued Officer Trammell, in his personal capacity, and alleged that her arrest violated state tort law. The officer moved for summary judgment against the complaint, which the circuit court denied. Officer Trammell appeals that denial and contends that appellate jurisdiction exists given the circuit court's denial of his defense of statutory immunity under Ark. Code Ann. § 21-9-301 (Supp. 2013) and Ark. R. App. P.–Civil 2(a)(10) (2013); the latter authority permits a party to appeal an immunity-based decision.

An appeal must usually be taken from a final judgment or decree. *Arkansas Lottery Comm'n v. Alpha Mktg.*, 2012 Ark. 23, at 5–6, 386 S.W.3d 400, 404. And the denial of a motion for summary judgment is, typically, neither reviewable nor appealable. *See City of Fayetteville v. Romine*, 373 Ark. 318, 284 S.W.3d 10 (2008). But that rule does not apply when a court's summary-judgment decision effectively determines that an appellant is not entitled to immunity from suit. *Gentry v. Robinson*, 2009 Ark. 634, 361 S.W.3d 788. Rule 2(a)(10) of the Arkansas Rules of Appellate Procedure–Civil permits an appeal from an interlocutory "order denying a motion to dismiss or for summary judgment based on the defense of sovereign immunity or the immunity of a government official." The rationale behind this rule is that immunity from suit is effectively lost if the case is permitted to go to trial when an immunity argument can prevail. *Arkansas Lottery*, *supra*.

Enter the procedural hiccup that requires us to dismiss this appeal without prejudice, which is that the record does not speak clearly enough on whether the court ruled on Officer Trammell's immunity argument. In *Arkansas Lottery*, *supra*, our supreme court held that the circuit court's failure to make an express ruling on the issue of sovereign immunity prevented a party from perfecting an interlocutory appeal under Rule 2(a)(10). Sovereign immunity was the jurisdictional basis for that interlocutory appeal, and our supreme court reasoned that a circuit-court finding on sovereign immunity was required when the case contained an additional issue. *Id.*

Statutory immunity, not sovereign immunity, is at issue in this case, but that distinction is not pivotal because the guiding principle from *Arkansas Lottery* is clear enough: the circuit-court record must expressly reflect that the court ruled on an immunity argument before an interlocutory appeal may be pursued under Rule 2(a)(10). We hold that *Arkansas Lottery* requires us to dismiss this appeal because Officer Trammell's motion for summary judgment raised a statutory-immunity defense and attacked the merits of Wright's complaint, but the circuit court did not expressly rule on the immunity issue raised.

Officer Trammell's counsel was alert to the potential jurisdictional problem and asked the circuit court to make an express ruling on the immunity issue. As we read the summary-judgment order, however, it appears that the court denied the motion solely on the complaint's merits, leaving us unsure about the legal fate of the statutory-immunity argument. Here is the important language in the appealed order:

- "A genuine issue of material fact exists in this case as to whether or not [Officer Trammell] exercised due diligence in arresting [Linda Wright] and taking her into custody."

- "[Linda Wright] is entitled to have the fact finder, a jury, decide the genuine issue of material fact."

There is uncertainty in the order because no language expressly references the immunity issue or cites any authority on immunity. Some contextual uncertainty exists too as we read the court papers.

Because the circuit court seems to have ruled on the merits issue but not the defense of immunity, we dismiss this appeal without prejudice for lack of a final, appealable order. No opinion is expressed on the motion's merits, or the related court order.

Dismissed.

GRUBER and WOOD, JJ., agree.

*Michael Mosley*, for appellant.

*Norwood & Norwood, P.A.*, by: *Doug Norwood* and *Alison Lee*, for appellee.