Paul E. Danielson, Justice, dissenting. I respectfully dissent and would dismiss the instant case due to the failure of the circuit court’s order to expressly rule on the issue of sovereign immunity as required by this court’s case law. | n Ordinarily, an appeal may not be taken from an order denying a motion to dismiss. See Univ. of Ark. for Med. Scis. v. Adams, 354 Ark. 21, 117 S.W.3d 588 (2003). However, Arkansas Rule of Appellate Procedure-Civil 2(a)(10) (2014) provides for an interlocutory appeal of an order denying a motion to dismiss based on the defense of sovereign immunity. See id. The rationale justifying an interlocutory appeal is that the right to immunity from suit is effectively lost if the case is permitted to go to trial. See id. While such an interlocutory appeal is permissible under this court’s rules, this court has held that “without a ruling on the sovereign-immunity issue, there can be no interlocutory appeal.” Ark. Lottery Comm’n v. Alpha Mktg., 2012 Ark. 23, at 6, 386 S.W.3d 400, 404. Before an interlocutory, appeal may be pursued from the denial of a motion to dismiss on the ground of sovereign immunity, we must have in place an order denying a motion to dismiss on that basis. See id. In other words, where the circuit court has failed to address the issue of sovereign immunity in its order, “the absence of an express ruling is fatal” to the appeal. Id. at 5, 386 S.W.3d at 403 (emphasis added). See also Black’s Law Dictionary 661 (9th ed. 2009) (defining “express” as “[c]learly and unmistakably communicated; directly stated”). This is because when sovereign immunity is the basis for appellate jurisdiction, a finding on sovereign immunity is necessary for our review. See Asset Acceptance, LLC v. Newby, 2014 Ark. 280, 437 S.W.3d 119; Hardin v. Bishop, 2013 Ark. 395, 430 S.W.3d 49.[1] In the instant case, the circuit | ^court’s order lacks an express ruling on ADHS’s claims of sovereign immunity and statutory immunity; therefore, this court should dismiss the appeal without prejudice for lack of jurisdiction. A review of the instant record reveals that the doctrines of sovereign immunity and statutory immunity were raised in short by ADHS in its motion to dismiss, in addition to its claim that the School Districts’ complaint failed to state a claim upon which relief could be granted.[2] The School Districts addressed the issue in their response, and ADHS very briefly addressed the immunity issue at the hearing before the circuit court.[3] After doing so, counsel for ADHS immediately began to address the merits of the School Districts’ claims, after which counsel for the districts responded only to ADHS’s arguments on the merits and urged the circuit court that the districts had alleged sufficient facts to avoid an order dismissing the case. The circuit court then ruled as follows: “Well, I think it’s close. But I’m going to deny the [^Motion at this point, and we’ll go forward with it.” It then took up the School Districts’ request for a preliminary injunction.' Notably, the circuit court’s order lacks any reference at all to ADHS’s contentions of sovereign and statutory immunity. In its order, after reciting its consideration of the “motions, responses, and replies filed by the parties, together with the testimony offered and the oral argument of counsel for the parties,” the circuit court simply found as follows: 1. Defendants’ Motion to Dismiss is DENIED. 2. Plaintiffs have failed to establish that denial of a preliminary injunction will result in irreparable harm to the applicant. 3. Plaintiffs have failed to demonstrate a likelihood of success on the merits. 4. Plaintiffs’ request for a preliminary injunction is DENIED. Not only did the circuit court’s order lack an express ruling on the issue of immunity as required by this court in Alpha Marketing, its order failed to acknowledge the issue at all.[4] Moreover, this court has been quite clear that it will not presume a ruling from the circuit court’s silence, as we have held that we will not review a matter on which the circuit court has not ruled, “and a ruling should not be presumed.” Alpha Mktg., 2012 Ark. 23, at 7, 386 S.W.3d at 404 (emphasis in original). Whether an order is appealable is a jurisdictional issue that this court has a duty to raise, even if the parties do not. See Ford Motor Co. v. Harper, 353 Ark. 328, 107 S.W.3d 168 (2003). Where no final or otherwise appealable order is entered, this court lacks jurisdiction to hear the appeal. See id. Because the circuit court “did not pass judgment” or expressly rule |uon ADHS’s claim that the relief sought by the School Districts was barred by sovereign and statutory immunity, we lack an appealable order. Alpha Mktg., 2012 Ark. 23, at 6, 386 S.W.3d at 404. Without such, this court lacks jurisdiction to hear the instant appeal, and the appeal should be dismissed without prejudice. Accordingly, I dissent. Hannah, C.J., joins. .I am left perplexed by the majority’s attempt to distinguish the instant case from that of Alpha Marketing and its reliance on both Hardin and Asset Acceptance in support of its position. In both of those cases, we observed that the general ruling at issue was distinguishable from the nonspecific ruling in Alpha Marketing, because in the latter, sovereign immunity was the basis of our jurisdiction, and as such, we required a specific finding on that issue for our review. Asset Acceptance, 2014 Ark. 280, at 7 n. 1, 437 S.W.3d at 123 ("In [Alpha Marketing ], sovereign immunity was the basis of our jurisdiction, and as such, a specific finding on that issue was necessary for our review."); Hardin, 2013 Ark. 395, at 6 n. 1, 430 S.W.3d at 53 ("In [Alpha Marketing], sovereign immunity was the basis, of our jurisdiction, and as such, that finding was necessary for our review."). How the majority can now say that the instant sovereign-immunity case is more like Hardin and Asset Acceptance than like the sovereign-immunity case of Alpha Marketing is beyond me. . I note that the argument relating to sovereign immunity was minimal when compared to that portion of the motion addressing the merits of the School Districts’ complaint. . Counsel for the School Districts addressed neither the issue of sovereign immunity, nor that of statutory immunity, in the districts' response during the hearing before the circuit court. . The record discloses that the circuit court’s order was prepared by counsel for ADHS.