Paul E. Danielson, Justice, dissenting. I respectfully dissent. This court lacks jurisdiction to hear this appeal because there was no specific ruling on the issue of sovereign immunity. Arkansas Rule of Appellate Procedure-Civil 2(a)(10) (2015) permits an appeal from an interlocutory order denying a motion to dismiss based on the defense of sovereign immunity. See Ark. Lottery Comm’n v. Alpha Mktg., 2012 Ark. 23, 386 S.W.3d 400. However, before an interlocutory appeal may be pursued from the denial of a motion to dismiss on the ground of sovereign immunity, we must have in place an order denying the motion to dismiss on that basis. Id. Here, the University filed a motion to dismiss the third amended complaint asserting that the claims against the University should be dismissed pursuant to Arkansas Rule of Civil | ^Procedure 12(b)(6) because Butler failed to state a cause of action not barred by sovereign immunity. The motion also states that Butler’s complaint is barred by article 5, § 20 of the Arkansas Constitution because (1) it is an action against the State of Arkansas, and article 5, section 20 of the Arkansas Constitution expressly prohibits -the General Assembly from waiving the State’s sovereign immunity from suit in her own courts; and (2) it' fails to state a claim that would permit suit against a state official. The circuit court denied the motion to dismiss, stating in its order only that [o]n the 4th day, of May, 2015, .the Defendants’ Amended Motion for Judgment on the Pleadings filed March, 19, 2015, and the Defendants’ Motion to Dismiss Plaintiffs Third Amended Complaint filed March 25, 2015, came on for consideration; The court finds that the Defendants’ Amended Motion for Judgment on the Pleadings and the Defendants’ Motion to Dismiss Plaintiff’s Third Amended Complaint should be and hereby are denied. The majority correctly points out that “[t]he circuit court denied the motion [to dismiss] without explanation.” : Despite this acknowledgment, the majority reverses and dismisses the case based on, its conclusion that “the circuit court erred in denying appellants’ motion to dismiss under Rule 12(b)(6) because Butler has failed to state a claim under the AWBA; therefore, no exception to sovereign immunity exists.” The majority states that “the sole issue in the motion to dismiss was sovereign immunity, and the trial court’s order operates as a ruling on that issue.” I disagree. The motion to dismiss included two assertions — that Butler’s complaint failed to state a cause of action pursuant to Rule 12(b)(6) and that the action was barred by sovereign immunity. These are two entirely separate issues. Contrary to the majority’s contention, a ruling on the 12(b)(6) issue does not constitute a ruling on the issue of sovereign immunity. Without a ruling specifically on the issue of sovereign immunity, this court lacks jurisdiction to hear |1ftthis appeal. The majority presumes, that the circuit court denied the motion to dismiss this case on the basis of sovereign immunity. This court has been clear that it will not presume a ruling from the circuit court’s silence, as we have held that we will not review a matter on which the circuit court has not ruled, “and a ruling should not he presumed.” Alpha Mktg., 2012 Ark. 23, at 7, 386 S.W.3d at 404 (emphasis in original). The circuit court did not explain its denial of the motion to dismiss in its order. Without such explanation, this court is unable to determine the basis on which the circuit court denied the motion to dismiss. As such, this court lacks jurisdiction to hear the instant appeal. Accordingly, I would dismiss this appeal without prejudice. Special Justice Robert L. Jones III joins in this dissent.