Josephine Linker Hart, Justice, dissenting. In Arkansas Lottery Commission v. Alpha Marketing, 2012 Ark. 23, 386 S.W.3d 400, this court held that absent an express ruling on sovereign immunity, we did not acquire jurisdiction to hear an interlocutory appeal pursuant to Rule 2(a)(10) of the Arkansas Rules of Appellate Procedure-Civil. Rule 2(a)(10) permits an appeal from an interlocutory “order denying a motion to dismiss or for summary judgment based on the defense of sovereign immunity or the immunity of a government official.” On May 4, 2015, the circuit court entered an order dismissing the Defendants’ Amended Motion for Judgment on the Pleadings, which specifically requested a ruling on sovereign immunity and legislative waiver, and the Defendants’ Motion to Dismiss Plaintiffs Third Amended Complaint, which asserted that Mr. Butler’s complaint should be dismissed 117pursuant to Arkansas Rule of Civil Procedure 12(b)(6) and because his cause of action was barred by sovereign immunity. However, the order only stated. On this 4th day of May, 2015, the Defendants’ Amended Motion for Judgment on the Pleadings filed on March 19, 2015, and the Defendants’ Motion to Dismiss Plaintiffs Third Amended Complaint filed on March 25, 2015, came on for consideration. The court finds that the Defendants’ Amended Motion for Judgment on the Pleadings and the Defendants’ Motion to Dismiss Plaintiffs Third Amended Complaint should be and hereby are denied. The circuit court order did not address the adequacy of the pleading to state a cause of action under the Arkansas Whistleblower’s Act as required by Rule 12(b)(6), sovereign immunity, or the issue of legislative waiver. Accordingly, we do not have before us an express ruling denying dismissal of Mr. Butler’s complaint on the basis of sovereign immunity. In Chamberlin v. State Farm Mutual Auto Insurance Company, 343 Ark. 392, 36 S.W.3d 281 (2001), this court described the dictates of stare decisis. Under the doctrine of stare decisis, we are bound to follow prior case law. The policy of stare decisis is designed to lend predictability and stability to the law. It is well-settled that “[precedent governs until it gives a result so patently wrong, so manifestly unjust, that a break becomes unavoidable.” Our test is whether adherence to the rule would result in “great injury or injustice.” (Internal citations omitted.) The doctrine of stare decisis requires that we remand this case to the circuit court to make an express ruling on sovereign immunity. Therefore, our options are clear: remand this case for an express ruling on sovereign immunity or overrule Alpha Marketing. Ignoring Alpha Marketing is not an option. In my view, the most prudent course would be to overrule Alpha Marketing and move on to the merits of this case. Otherwise, stare decisis requires that this appeal be 11sdismissed because the order appealed from does not give us jurisdiction to hear this case. Alpha Mktg,, supra; Ark. R.App. P.-Civ. 2(a)(10).