ROBERT J. GLADWIN, Judge
Ronald Clark Shaver appeals the Boone County Circuit Court's denial of his motion to dismiss, which was based on res judicata and Arkansas Code Annotated sections 5-1-110 and -113 (Repl. 2013). On appeal, he contends that his prosecution in Boone County for theft of property is barred by issue and claim preclusion related to his previous theft-by-receiving conviction in the Franklin County Circuit Court. The State has filed a motion to dismiss Shaver's appeal because he did not file a notice of appeal within 30 days of the circuit court's form order denying his motion to dismiss. We grant the State's motion and dismiss Shaver's appeal.
Shaver was charged with theft by receiving on March 10, 2016, in Franklin County, and he pled guilty after admitting as follows:
I purchased sixteen head of cattle at a discount price from an individual and whereas I took ten to the Franklin County Livestock Auction to sell and found out then they were stolen and then arrested.
On June 30, 2016, Shaver was sentenced to 48 months' probation based on his negotiated guilty plea. Shaver's attorney told the Franklin County Circuit Court that Shaver was "contending this is the same course of conduct as those other counties so we will be making collateral estoppel arguments in those jurisdictions." Counsel was referring to Shaver's theft-of-property charge in the instant case, which was described in the February 18, 2016 information as follows:
The said defendant, on or about the 28th day of January, 2016, in Boone County, Arkansas, did unlawfully and feloniously take or exercise unauthorized control over or make an unauthorized transfer of an interest in the property of another, with the purpose of depriving the owner of the property, with the value of the property being more than $5,000 but less than $25,000, against the peace and dignity of the State of Arkansas, to wit: the defendant stole from Lee Roy Roberts and Sharon Starkey sixteen (16) head of cattle. Later that same day, the defendant sold ten (10) of the cattle for a total of $10,323.59.
After Shaver pled guilty to theft by receiving in the Franklin County case, he filed a motion to dismiss in the Boone County Circuit Court, arguing that the affirmative defenses of Arkansas Code Annotated sections 5-1-113 (issue preclusion) and 5-1-110 (claim preclusion), and the common-law doctrine of res judicata, which includes both issue and claim preclusion, warranted dismissal of the charge in Boone County. The brief in support of Shaver's dismissal motion explains res judicata and the two facets of it-issue and claim preclusion. Further, Shaver argued that "collateral estoppel" or "issue preclusion" is codified in section 5-1-113. He also argued that the doctrine of claim preclusion warranted dismissal, and the *224 codified version thereof is set forth in section 5-1-110.
The circuit court denied Shaver's motion, ruling from the bench on January 20, 2017, and an order was filed January 23, 2017, with a handwritten portion stating, "Motion to Dismiss is denied." The order also set a hearing for February 10, 2017, and on that date, the following colloquy occurred:
THE STATE : Judge, we had a discussion over lunch and I believe that we are going to get a copy of the Court's ruling from two weeks ago and reduce it to writing. And then I-once that is done-
THE COURT : You're getting a transcript?
THE STATE : Transcript.
THE COURT : Yeah.
THE STATE : Once that is done, then I believe that they will be able to do an interlocutory appeal.
DEFENSE COUNSEL : Judge, we believe that a written order be entered (sic) is necessary. I don't know that the Court agrees with that but from our assessment of things, I think it's required in order to meet our-
THE COURT : I think that's required for an interlocutory appeal.
DEFENSE COUNSEL : So that's what we're going to try and so-
THE COURT : I think you have to enter a plea to do the interlocutory appeal, do you not?
THE STATE : This isn't a Motion to Suppress. I think this goes to-and you can correct me if I'm wrong, I think it goes to the court's jurisdiction.
DEFENSE COUNSEL : I have found several cases, Your Honor, where the appellate courts have said that appeals based on collateral estoppel and res judicata are appealable. An order to deny a motion to dismiss based on-
THE COURT : So that is just going to postpone further disposition of this case?
DEFENSE COUNSEL : It will, Your Honor.
THE COURT : All right.
DEFENSE COUNSEL : But I believe the law is that a denial of a motion to dismiss based on res judicata, collateral estoppel related issues, double jeopardy are appealable-interlocutorially (sic) appealable.
THE COURT : Very well.
THE STATE : So, RaLenn, if you could prepare a transcript?
THE COURT : And the Court will have to enter a written order. Okay.
THE STATE : And Judge, I told him I will prepare a written order and once I get a copy of the transcript, I'll send him a transcript-do a written order. I would prefer that [defense counsel] sign off on it.
DEFENSE COUNSEL : I would too, Your Honor.
THE COURT : All right.
....
THE COURT : So this-what this does is it essentially suspends the-from here forward, any running speedy trial at all?
DEFENSE COUNSEL : I agree. I think we actually have to file the notice of appeal after the order is entered so I don't know up until the time the order is entered I would say no, but after that once the appeal is filed, yes.
Thereafter, the circuit court filed an order on February 13, 2017, reflecting that the parties were ordered to appear on March 24, 2017, to update the court on the "status of appeal." Although the March 24 hearing is not reflected in either of the parties' abstracts in their appellate briefs or in the record filed on appeal, the resulting *225 order of March 29, 2017, reflects that Shaver's counsel was to prepare the "order" for the court's signature.
On May 10, 2017, the circuit court filed an "Order Denying Motion to Dismiss," setting forth its reasoning for denying the motion, which was based on res judicata and double jeopardy. The circuit court found that theft of property and theft by receiving are two different crimes that require different elements to be proved. The circuit court also found that theft by receiving is in no way a lesser-included offense of theft of property. On June 5, 2017, Shaver filed a notice of appeal, noting that the circuit court had denied his motion to dismiss on the grounds of res judicata.
Following the notice of appeal, the record was lodged with this court on October 2, 2017, and briefing commenced. Shaver filed his brief on November 17, 2017, and the State filed its motion to dismiss on December 7, 2017, arguing that Shaver did not file a timely notice of appeal because the notice was filed more than 30 days after the order filed January 23, 2017.
This is an interlocutory appeal. Our supreme court has long recognized the right to an immediate appeal from the denial of a motion to dismiss on double-jeopardy grounds. See , e.g. , Dilday v. State , 369 Ark. 1, 250 S.W.3d 217 (2007) ; Winkle v. State , 366 Ark. 318, 235 S.W.3d 482 (2006) ; Jones v. State , 230 Ark. 18, 320 S.W.2d 645 (1959). Immediate appeals from the denial of a motion to dismiss based on res judicata have also been allowed. See Winkle , supra ; Fariss v. State , 303 Ark. 541, 798 S.W.2d 103 (1990).
Rule 2 of the Arkansas Rules of Appellate Procedure-Criminal does not address interlocutory appeals. Looking to the civil appellate rules, see , e.g. , Byndom v. State , 344 Ark. 391, 405, 39 S.W.3d 781, 789 (2001), Rule 4 provides that a notice of appeal must be filed within 30 days of the entry of an appealable order. Ark. R. App. P.-Civ. 4(a) (2017). The question before us is whether the January 23, 2017 order stating "Motion to Dismiss is denied" is an appealable order for purposes of this interlocutory appeal.
The State argues that it is and that Shaver had 30 days from the entry of that order in which to file a notice of appeal under Rule 4(a), yet he failed to do so. Thus, the notice of appeal filed June 5, 2017, was untimely, and the appeal should be dismissed for lack of jurisdiction. The State contends that if the parties had been unaware of the January 23, 2017 order, it is of no consequence because parties have a duty to be aware of the status of their cases. See Arnold v. Camden News Publ'g Co. , 353 Ark. 522, 110 S.W.3d 268 (2003). The State disputes that there is a findings requirement for appellant to pursue an interlocutory appeal. See Shelton v. State , 2009 Ark. 388, 326 S.W.3d 429. The State also asserts that the lack of findings is not a jurisdictional bar to an appeal from an order not containing them. See State v. Bragg , 2016 Ark. 242, 2016 WL 3346350. The State submits that no agreement or understanding between the parties can render an untimely notice of appeal timely. See Reed v. Ark. State Hwy. Comm'n , 341 Ark. 470, 17 S.W.3d 488 (2000). The State argues that the May 10 order did not render the appeal timely because the first order denying the motion to dismiss was appealable, and a contrary conclusion would sanction delay in the prosecution of interlocutory appeals.
Shaver contends that the January 23, 2017 order was a "docket scheduling order" that is routinely issued for housekeeping purposes. He contends that even though the order denied the motion to dismiss, it contained no factual findings "as typically required under the Arkansas *226 Rules of Criminal Procedure." Shaver cites the February 10, 2017 hearing as set forth in the colloquy above and argues that the circuit court "noted that a written order would be necessary" for him to file an interlocutory appeal. He claims that the circuit court did not recognize the January 23 order as the final and appealable order related to his motion to dismiss and that the circuit court was concerned with making a "proper final and appealable written order with its reasoning for the ruling so that a proper interlocutory appeal could be presented" to this court. Thus, Shaver argues that he timely appealed the May 10, 2017 final order.
Shaver also argues that Rule 37.3 of the Arkansas Rules of Criminal Procedure (2017) denotes the need for final orders containing the circuit court's findings and contends that for an order to be appealable, it must put the circuit court's directive into execution. He argues that when an order provides for a subsequent hearing, that provision prevents the order from being a final order for the purposes of appeal. See Daniel v. State , 64 Ark. App. 98, 983 S.W.2d 146 (1998). Thus, he claims that the scheduling order of January 23, 2017, cannot be a final order because it provides a subsequent hearing date of February 10, 2017, at which time the circuit court "requested that a final order be prepared and submitted."
Shaver also claims that, even if the parties were unaware of the scheduling order, the circuit court was aware of its own order and still felt compelled to direct the parties to prepare an order. He claims that this gives credence to the argument that it was the circuit court's intent for a final and appealable order, not the January 23 docket scheduling order, to be drafted. Shaver claims that order was filed May 10, 2017, and his notice of appeal was timely filed. Shaver argues that if he had appealed the January 23, 2017 scheduling order, the State would be arguing that it was not a final and appealable order that contained the reasoning and basis of the circuit court's decision to deny the motion to dismiss, but he does not cite any supporting law for this argument.
Neither party addresses the Arkansas Supreme Court's ruling in Arkansas Lottery Commission v. Alpha Marketing , 2012 Ark. 23, at 5, 386 S.W.3d 400, 403, wherein the court held that it was without jurisdiction to consider an interlocutory appeal that did not contain a specific ruling on the sovereign-immunity issue raised as a defense. The supreme court reasoned that for it to assume jurisdiction, the appeal of an interlocutory order must be premised on the lower court's ruling premised on sovereign immunity. Id. , 2012 Ark. 23, at 6, 386 S.W.3d at 404. The court stated,
Logic dictates that, before an interlocutory appeal may be pursued from the denial of a motion to dismiss on the ground of sovereign immunity, we must have in place an order denying a motion to dismiss on that basis. In this case, the Commission moved for dismissal on multiple grounds, only one of which was based on the defense of sovereign immunity. In its order, the circuit court noted that the Commission had raised the issue of sovereign immunity in defense of the claims for monetary and injunctive relief. However, the circuit court ruled only on the Commission's separate claim that Alpha Marketing had not stated a cause of action for trademark infringement. The court did not pass judgment on the Commission's argument that the relief sought by Alpha Marketing was barred by sovereign immunity. It is axiomatic that, without a ruling on the sovereign-immunity *227 issue, there can be no interlocutory appeal.
Id.
The distinguishing factor between the instant case and Alpha Marketing is that the underlying motion to dismiss is based solely on Shaver's premise that res judicata prevents Boone County from prosecuting him for theft of property. Res judicata, which includes issue and claim preclusion, is codified under both statutes argued by Shaver as prohibiting his prosecution. Therefore, the circuit court's denial of the motion is necessarily a denial of Shaver's res judicata arguments; thus, the January 23, 2017 order is the order from which Shaver should have filed his notice of appeal. Shaver's notice of appeal filed on June 5, 2017, was untimely, and this court lacks jurisdiction to consider his appeal.
Motion to dismiss granted; appeal dismissed.
Murphy and Brown, JJ., agree.