Richard S. COZZAGLIO *v.* STATE of Arkansas

CR 85-123                                   709 S.W.2d 70

Supreme Court of Arkansas
Opinion delivered May 12, 1986

*Darrell E. Baker, Jr.*, Deputy Public Defender, for appellant.

*Steve Clark*, Att'y Gen., by: *Clint Miller*, Asst. Att'y Gen., for appellee.

DARRELL HICKMAN, Justice. Richard Cozzaglio kidnapped a young teenaged female in Washington County and drove her to Madison County where he raped her. He was convicted of kidnapping in Washington County and sentenced to 20 years; he was convicted of rape in Madison County and sentenced to life. Initially the trial court scheduled one trial for both charges in

Washington County, but the state insisted on separate trials in separate counties. Cozzaglio made a timely motion before the first trial in Washington County to join both charges in one trial. The motion should have been granted because Cozzaglio was tried twice in violation of A.R.Cr.P. 21.3, which is based on the double jeopardy prohibitions in both the United States and Arkansas Constitutions.

The proof presented by the state was essentially the same at both trials. In the kidnapping trial in Washington County, the state proved that Cozzaglio picked up the victim beside a rural road about 8:15 a.m. on the morning of July 27, 1984; he pulled her into his car, had a knife with which he cut her, and drove 24 miles to adjoining Madison County where he raped her. He put her out of the car and she ran to a nearby store where she reported the rape. Cozzaglio notified the Springdale Police Department in Washington County that his car had been stolen that same day. That evening an officer talked to Cozzaglio ostensibly about the car theft, but then questioned him concerning the kidnapping and rape. At first, according to the officer, Cozzaglio said he was with a neighbor. The officer questioned the neighbor who denied this and, when confronted, Cozzaglio admitted that he had been with the victim but that she voluntarily went with him; later she tried to "back out" of having sexual intercourse so he "took it anyway." There was other corroborative evidence: identification of Cozzaglio by the victim, samples of hair, and a torn tee shirt the victim used to bandage her hand. Cozzaglio did not testify in Washington County. Approximately two months later, in the rape trial in Madison County, some medical testimony was added and Cozzaglio testified. He denied that he raped the victim but admitted they had sexual intercourse.

When the defense moved for a joinder of the offenses in Washington County, waiving any objection to venue, the trial judge refused. He reasoned that the two counties were separate jurisdictions and venue for the crimes were separate; that the charges were not the same and Madison County had a right to try him for the rape which occurred there, just as Washington County had a right to try him for the kidnapping which occurred there. While the charges were not the same, they arose from the same continuing course of conduct and both counties had jurisdiction and venue.

■ There is no doubt that the kidnapping occurred in Washington County, continued into Madison County and culminated with a rape in Madison County. En route the victim was physically harmed, fondled, and forced to commit oral sex on Cozzaglio. Ark. Stat. Ann. § 43-1414 (Repl. 1977) provides:

> Where the offense is committed partly in one (1) county and partly in another, or the acts or effects thereof, requisite to the consummation of the offense, occur in two or more counties, the jurisdiction is in *either* county. (Italics supplied.)

A.R.Cr.P. Rule 21.3 required the judge to grant the defense motion to join the charges in one trial.

■■ Rule 21.3 has its basis in the Double Jeopardy Clause of the United States Constitution, contained in the Fifth Amendment, which provides: ". . . nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb . . ." The United States Supreme Court has held this clause to contain three separate guarantees: (1) it protects against a second prosecution for the same offense after acquittal; (2) it protects against a second prosecution for the same offense after conviction; and (3) it protects against multiple punishments for the same offense. *North Carolina* v. *Pearce*, 395 U.S. 711 (1969).

This doctrine was explained in Note, *Twice in Jeopardy*, 75 Yale L.J. 262, 266 (1965) as follows:

> . . . The courts understand these rules as expressions of self-evident moral principles: it is wrong to retry a man for a crime of which he previously has been found innocent, wrong to harass him with vexatious prosecution, and wrong to punish him twice for the same crime. Inquiry usually stops here. We are rarely told why it is wrong to retry for the same crime or punish twice. We never learn precisely what constitutes harassment, nor when it will bar reprosecution. The judiciary is content to apply the double jeopardy prohibition with only a reverent nod to its policies.

> Several policies underlie the double jeopardy prohibition. First, guilt should be established by proving the elements of a crime to the satisfaction of a single jury, not

by capitalizing on the increased probability of conviction resulting from repeated prosecutions before many juries. Thus reprosecution for the same offense after an acquittal is prohibited. Second, the prosecutor should not be able to search for an agreeable sentence by bringing successive prosecutions for the same offense before different judges. Thus reprosecution after a conviction is prohibited. Third, criminal trials should not become an instrument for unnecessarily badgering individuals. Thus the Constitution forbids a second trial — a second jeopardy — and not merely a conviction at the second trial. Finally, judges should not impose multiple punishment for a single legislatively defined offense. Thus multiple punishment for the same offense at a single trial is prohibited.

Like many current legal questions, what once was simple has become complicated. Today a vast array of criminal charges can be brought for what is essentially one criminal act or episode; many times the charges are related or dependent upon each other.

For example the capital felony murder charge depends upon the felony underlying the murder. A death must have been caused while in the course of committing or attempting to commit one of seven specified felonies. Ark. Stat. Ann. § 41-1501(a) (Repl. 1977). To prove capital murder the state must first prove the felony, so the felony becomes an element of the murder charge. Because it is an essential element a defendant cannot be tried separately for these crimes or punished for both. This prohibition usually comes into play when double punishment is imposed. *Swaite* v. *State*, 272 Ark. 128, 612 S.W.2d 307 (1981); *Whalen* v. *United States*, 445 U.S. 684 (1980).

Related to the double jeopardy doctrine is the theory that the state ought to charge a defendant in one case with all possible charges arising out of a single episode. Justice Brennan of the United States Supreme Court articulated this principle best in his concurrence in *Ashe* v. *Swenson*, 397 U.S. 436 (1970):

In my view, the Double Jeopardy Clause requires the prosecution, except in most limited circumstances, to join at one trial all the charges against a defendant that grow out of a single criminal act, occurrence, episode, or transaction. This 'same transaction' test of 'same offense'

not only enforces the ancient prohibition against vexatious multiple prosecutions embodied in the Double Jeopardy Clause, but responds as well to the increasingly widespread recognition that the consolidation in one lawsuit of all issues arising out of a single transaction or occurrence best promotes justice, economy, and convenience.

Cozzaglio makes essentially two double jeopardy arguments. The first argument is that the state was required to prove rape to prove kidnapping and, therefore, they are the same offense. This argument is without merit. Kidnapping and rape are not lesser included offenses of one another. Each crime requires a different element of proof. *Hickerson* v. *State*, 282 Ark. 217, 667 S.W.2d 654 (1984). Each requires proof of a fact not required by the other. Ark. Stat. Ann. § 41-107(1)(b)(i) (Repl. 1977). Moreover, while kidnapping does require the restraint to be substantial for one of several *purposes*, one of which is the purpose of engaging in sexual intercourse, kidnapping does not require the act of sexual intercourse itself. Ark. Stat. Ann. § 41-1701 (Repl. 1977). Rape requires a sexual act by forcible compulsion; that force is not necessarily the same as that required to sustain a conviction for kidnapping. See Ark. Stat. Ann. § 41-1803 (Supp. 1985); *Beed* v. *State*, 271 Ark. 526, 609 S.W.2d 898 (1980).

Cozzaglio's argument that the trials should have been joined under A.R.Cr.P. Rule 21.3 does have merit. That rules provides:

(a) Two (2) or more offenses are related offenses for the purposes of this rule if they are within the jurisdiction and venue of the same court and are based on the same conduct or arise from the same criminal episode.

(b) When a defendant has been charged with two (2) or more related offenses, his timely motion to join them for trial shall be granted unless the court determines that because the prosecuting attorney does not have sufficient evidence to warrant trying some of the offenses at that time, or for some other reason, the ends of justice would be defeated if the motion is granted. The defendant's failure to so move constitutes a waiver of any right of joinder as to related offenses with which the defendant knew he was

charged.

(c) A defendant who has been tried for one (1) offense may thereafter move to dismiss a charge for a related offense, unless a motion for joinder of these offenses was previously denied or the right of joinder was waived as provided in subsection (b). The motion to dismiss must be made prior to the second trial, and shall be granted unless the court determines that because the prosecuting attorney did not have sufficient evidence to warrant trying this offense at the time of the first trial, or for some other reason, the ends of justice would be defeated if the motion were granted.

This rule has three requirements: the offenses must be within the jurisdiction of the same court, arise from the same conduct or criminal episode, and a timely motion to join must be made. All three requirements were met in this case and when that motion to join was made in Washington County, the trial judge should have granted it. Necessarily that means the second trial was barred; the conviction of rape must be reversed and the charge dismissed. See *People* v. *White*, 390 Mich. 245, 212 N.W.2d 222 (1973). Cozzaglio could have been tried in either county for both offenses, but not separately on separate charges.

Affirmed as to the Washington County conviction. Reversed and dismissed as to the Madison County conviction.

PURTLE, J., not participating.