Michael Curtis CROOK *v.* STATE of Arkansas

CR 86-149                                              717 S.W.2d 803

Supreme Court of Arkansas
Opinion delivered October 20, 1986

*Lloyd R. Haynes*, for appellant.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. Appellant, Michael Curtis Crook, appeals from his conviction for possession of cocaine and argues that the trial court erred in failing to dismiss the charge. The argument is meritorious. The Court of Appeals certified the case to this Court under Rule 29(1)(c) as it involves the interpretation of A.R.Cr.P. Rule 21.3.

On June 16, 1984, in a connected series of occurrences, a policeman saw appellant and another man smoking marijuana while they were sitting in a parked car. The two were arrested, and in a search of the car, a pistol was found in a holster. As the officer took the pistol out of the holster, a plastic bag containing cocaine fell out. In addition, it was discovered that the car was stolen.

On August 20, 1984, appellant was charged by information with theft by receiving (the car), and being a felon in possession of a firearm (the pistol). At that time, appellant was not charged with possession of a controlled substance (the cocaine). On February 15, 1985, seven months later, the information was amended to add the charge of possession of a controlled substance. Appellant was not notified at the time of the amended information.

The charge of felon in possession of a firearm was dismissed and, on February 28, 1985, appellant was tried, convicted and sentenced on the charge of theft by receiving.

It was not until July 22, 1985, nearly five months after his trial for theft by receiving that appellant received notice the Amended Information had been filed charging him with possession of a controlled substance. Appellant filed a Motion to Dismiss the charge of possession of a controlled substance, based upon A.R.Cr.P. Rule 21.3, arguing that all offenses arising out of the June 16, 1984 series of occurrences should have been joined and tried at the same time. The motion was denied. Appellant waived a jury trial and, in a trial to the court was found guilty of possession of cocaine.

A.R.Cr.P. Rule 21.3 provides in pertinent part:

> (c) A defendant who has been tried for one (1) offense may thereafter move to dismiss a charge for a related offense, unless a motion for joinder of these offenses was previously denied or the right of joinder was waived as provided in subsection (b). The motion to dismiss must be made prior to the second trial, and shall be granted unless the court determines that because the prosecuting attorney did not have sufficient evidence to warrant trying this offense at the time of the first trial, or for some other reason, the ends of justice would be defeated if the motion were granted.

Rule 21.3 is contained in Article VI of the Arkansas Rules of Criminal Procedure. The commentary to Article VI provides:

> The provisions of this rule are also designed to encompass a situation in which a defendant, having been tried for one offense, finds himself confronted with a related charge of which he was unaware prior to the other trial. Again, if the ends of justice would not be defeated—for example, because the prosecuting attorney does not have sufficient evidence to warrant trying the offense—the defendant is entitled to a dismissal of the charge.

Clearly, unless the "ends of justice" would be defeated by doing so, the rule requires the trial court to grant a motion to dismiss when a defendant has been tried for one offense

and then later learns that he is to be tried for a related charge of which he was unaware prior to the first trial. Those are the circumstances presented by the instant case. In exercising its discretion to determine whether the "ends of justice" would be defeated, the trial court must do so with the purpose of accommodating reason and justice with the facts of particular cases. *See* commentary to Article VI of the Arkansas Rules of Criminal Procedure. In *Cozzaglio v. State*, 289 Ark. 33, 709 S.W.2d 70 (1986), we emphasized that the state ought to charge a defendant in one case with all possible charges arising out of a single episode. The trial court did not explain its reasons for denying the motion except to note that the failure to include the possession of cocaine charge in the first place was due to clerical oversight. Clerical oversights do not justify denying appellant's motion to dismiss.

Reversed and dismissed.