James DILDAY  *v.*  STATE of Arkansas

CR 06-976                                    250 S.W.3d 217

Supreme Court of Arkansas
Opinion delivered February 15, 2007

*Timothy O. Dudley*, for appellant.

*Mike Beebe*, Att'y Gen., by: *David R. Raupp*, Sr. Ass't Att'y Gen., for appellee.

Jim Hannah, Chief Justice. James Dilday appeals a June 5, 2006 order of the Pulaski County Circuit Court denying his motion to dismiss criminal charges. Dilday asserts that the criminal action against him is barred by double jeopardy, res judicata, and collateral estoppel. We affirm the circuit court. Our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(a)(1) and (b)(3).

*Facts*

This case concerns allegations that Dilday defrauded the State of Arkansas by making false Medicaid claims for services he rendered as a psychiatrist. He is also accused of failing to keep records of Medicaid claims as required by law. Dilday was previ-

ously prosecuted for defrauding insurance companies and one self-insured employer by making false claims for services he rendered as a psychiatrist. That prosecution resulted in a dismissal for Dilday and a plea of no contest by Biological Psychiatry, P.A., an entity thought then to be Dilday's business, but which Dilday now asserts never existed.

Dilday argues that the dismissal in the prior prosecution constitutes a finding that he did not commit fraud in making claims for services rendered. He for the first time now asserts that the finding acts as a bar to the present prosecution on alleged Medicaid fraud.

### Interlocutory Appeal

This is an interlocutory appeal. This court has long recognized the right to an immediate appeal from the denial of a motion to dismiss on double-jeopardy grounds. *See, e.g., Winkle v. State*, 366 Ark. 318, 235 S.W.3d 482 (2006); *Jones v. State*, 230 Ark. 18, 320 S.W.2d 645 (1959). This court has also allowed the right to an immediate appeal from the denial of a motion to dismiss based on res judicata. *Winkle, supra; Fariss v. State*, 303 Ark. 541, 798 S.W.2d 103 (1990).

### Bar to Prosecution

#### A. *Claim Preclusion*

Dilday distinguishes between res judicata and collateral estoppel. Res judicata has two facets, one being issue preclusion, or collateral estoppel, and the other being claim preclusion. *Mason v. State*, 361 Ark. 357, 206 S.W.3d 869 (2003). The term res judicata has sometimes been used to refer only to claim preclusion; however, res judicata encompasses both issue and claim-preclusion. *Id.*

Under claim preclusion, a valid and final judgment rendered on the merits by a court of competent jurisdiction bars another action. *Id.* Res judicata bars not only the relitigation of claims that were actually litigated in the first suit but also those that could have been litigated. *Jayel Corp. v. Cochran*, 366 Ark. 175, 234 S.W.3d 278 (2006). Dilday argues that the State was obligated to charge him for all acts of fraud in the first prosecution. This assertion is apparently based on the idea that the State should charge a criminal defendant in one case with all possible charges

arising from one single episode. *Crook v. State*, 290 Ark. 163, 717 S.W.2d 803 (1986). In this regard, Ark. R. Crim. P. 21.3(c) provides as follows:

> (c) A defendant who has been tried for one (1) offense may thereafter move to dismiss a charge for a related offense, unless a motion for joinder of these offenses was previously denied or the right of joinder was waived as provided in subsection (b). The motion to dismiss must be made prior to the second trial, and shall be granted unless the court determines that because the prosecuting attorney did not have sufficient evidence to warrant trying this offense at the time of the first trial, or for some other reason, the ends of justice would be defeated if the motion were granted.

The charges arise from two separate allegations of fraud, one against insurance companies and a self-insured employer, and the second against the state Medicaid program. Thus, it is not a single episode or single act of conduct, and the rule does not apply to Dilday. In any event, this rule is based on double jeopardy, not claim preclusion. *Cozzaglio v. State*, 289 Ark. 33, 709 S.W.2d 70 (1986).

As to res judicata, four elements must be met: (1) the first suit must have resulted in a final judgment on the merits, (2) the first suit must be based on proper jurisdiction, (3) both suits must involve the same cause of action, and (4) both suits must involve the same parties or their privies. *Crockett & Brown, P.A. v. Wilson*, 314 Ark. 578, 864 S.W.2d 244 (1993). The criminal charges in the prior prosecution were for making false insurance claims in violation of Ark. Code Ann. § 5-36-103 (Supp. 2001) and Ark. Code Ann. § 23-66-502 (Supp. 2001). In the present case, Dilday is charged under an entirely different statute, Ark. Code Ann. § 5-55-103 (Repl. 2005) and is accused of making false Medicaid claims. Again, both the crimes alleged and the victims of the crimes in this case are not the same as the previous prosecution. There is no merit to Dilday's assertion that the claim in the present case is the same as the claim in the previous prosecution.

B. *Issue Preclusion*

Dilday also asserts that collateral estoppel, or issue preclusion, bars this prosecution. Under issue preclusion, a decision by a court of competent jurisdiction on matters that were at issue, and

that were directly and necessarily adjudicated, bars any further litigation on those issues. *Mason, supra.* Dilday argues that the dismissal of the fraud charged in the previous prosecution decided the issue of whether he committed fraud in making claims for services in the present prosecution. Thus, he argues that the State is attempting to relitigate whether he committed fraud in his Medicaid claims. Dilday cites us to *Ashe v. Swenson*, 397 U.S. 436 (1970); however, the issue in *Ashe* was whether a criminal defendant who was acquitted of robbing one member of a poker party could later be prosecuted for robbing another member of that same poker party. In *Ashe*, the acquittal necessarily adjudicated that the criminal defendant was not present at the poker party, so he could not be charged with robbing another member of the party. In the present case, Dilday could certainly have committed fraud in his Medicaid claims even if there were a finding that he did not commit fraud in his insurance claims.

Dilday also relies on Ark. Code Ann. § 5-1-113(2) (Repl. 2006), which precludes subsequent prosecution for a different offense; however, this affirmative defense is available only where the offense should have been included in the first prosecution, or where the offense is based on the same conduct. As already noted, the two criminal actions concern separate allegations of fraud under different statutes. The offenses are not based on the same conduct. Issue preclusion is not applicable.

## C. *Double Jeopardy*

Double jeopardy protects criminal defendants from (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. *Cummings v. State*, 353 Ark. 618, 110 S.W.3d 272 (2003). Dilday cites us to *Blockburger v. United States*, 284 U.S. 299 (1932). In *State v. Thompson*, 343 Ark. 135, 142, 34 S.W.3d 33, 37 (2000), this court discussed the *Blockburger* decision:

> The same-elements test, commonly referred to as the "*Blockburger*" test, is as follows:
>
>> [W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other

does not. *Gavieres v. United States,* 220 U.S. 338, 342, and authorities cited. In that case this court quoted from and adopted the language of the Supreme Court of Massachusetts in *Morey v. Commonwealth,* 108 Mass. 433: "A single act may be an offense against two statutes, and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other."

*Blockburger,* 284 U.S. at 304. The Supreme Court reaffirmed the *Blockburger* analysis in *United States v. Dixon,* [509 U.S. 688 (1993)], therein denouncing the "same conduct" test. The Court stated in *Dixon:*

The collateral estoppel effect attributed to the Double Jeopardy Clause, *see Ashe v. Swenson,* 397 U.S. 436 (1970), may bar a later prosecution for a separate offense where the Government has lost an earlier prosecution involving the same facts. But this does not establish that the government "must . . . bring its prosecutions . . . together." It is entirely free to bring them separately, and can win convictions in both.

. . . .

*Dixon,* 509 U.S. at 705.

Dilday is accused of different offenses in the present prosecution than in the prior prosecution. He is not being prosecuted for the same offense nor being threatened with punishment for a prior offense for which he had already been punished. Under the *Blockburger* test, double jeopardy does not apply. There is no merit to Dilday's claim under double jeopardy.

Affirmed.