KENNETH S. HIXSON, Judge
Appellant Ryan James Kirkland brings this interlocutory appeal after the Washington County Circuit Court denied his motion to dismiss his charges based on double-jeopardy grounds. On appeal, appellant contends that the circuit court erred in denying his motion to dismiss because the charges violate his right to be free from double jeopardy as protected by the United States and Arkansas Constitutions. We affirm.
Kirkland was charged with three counts of rape and two counts of sexual assault in the second degree. Appellant subsequently filed a motion in limine to exclude his booking photograph from being admitted into evidence at trial. He argued that any probative value was substantially outweighed by the danger of unfair prejudice to him. The State argued that the photograph was relevant to show what appellant looked like at the time of the abuse. The circuit court agreed with appellant and stated that appellant appeared "intimidating and scary" in the photograph and that the prejudice of the photograph outweighed any probative value. Therefore, the circuit court granted his motion after a hearing.
A jury trial commenced, and the State offered the testimony of several witnesses, including the minor victim. A.D. testified that appellant had moved into the home when she was approximately six years old. When she was eight, appellant began going into her bedroom in the middle of the night. A.D. testified that appellant would masturbate in her bed beside her and would ejaculate on her comforter. She further testified in detail that appellant sexually abused her from age eight to age sixteen, including vaginal penetration and forcing her to perform oral sex on him. In addition to A.D.'s testimony, testimony was offered that appellant's DNA matched the semen found on A.D.'s comforter.
However, during the State's direct examination of its ninth witness, the State's trial assistant plugged her cell phone into the laptop that ran the projector that was *272 publishing a document to the jury. When the assistant plugged in her cell phone, a group of photographs appeared briefly on the screen, which included among them appellant's excluded booking photograph. The jury was immediately excused, and appellant requested a mistrial. During that hearing on the motion for mistrial, lead counsel for the State took responsibility for the mistake and explained that his staff should have "had that [cell phone] off." Over the State's objection, the circuit court granted the motion for mistrial. The circuit court specifically stated that it was making a finding that the publication was "inadvertent" but that it was granting a mistrial because the fact remained that the photograph had been viewed by the jury.
On March 10, 2017, appellant filed a motion to dismiss, alleging that the Double Jeopardy Clause precluded a second trial. In the accompanying brief, appellant argued that although one cannot ordinarily avail himself or herself of double-jeopardy protections when he or she requests a mistrial, there is an exception "where the governmental conduct in question is intended to 'goad' the defendant into moving for a mistrial." Oregon v. Kennedy , 456 U.S. 667, 676, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982). Appellant argued that the facts of this case were "of such an egregious nature" that they rose to "the level of intentional conduct." Alternatively, appellant encouraged the circuit court to impose a "reckless" standard and argued that the State's conduct was reckless, necessitating dismissal. However, appellant admitted that he was unable to find any case law that supported imposing a recklessness standard.
The State filed a response on April 17, 2017. It explained that one of the trial assistants "accidently, inadvertently, and unintentionally" caused a different window to display on the projector screen for the courtroom to view. It further argued that the trial record was devoid of any intentional conduct on the part of the prosecutors "and" or "or" their staff to "goad" appellant into requesting a mistrial. The State alleged that it had almost finished examining its ninth out of eleven witnesses when the photograph was accidentally published to the jury and that it had no intention of "goading" appellant into requesting a mistrial. Finally, the State argued that appellant's proposed "recklessness" standard is contrary to law and should be rejected.
The circuit court denied the motion to dismiss for violation of double jeopardy. In its order, filed on June 2, 2017, the circuit court made the following pertinent findings:
3. That no evidence was presented in the Defendant's brief to suggest that the State acted with a purpose of goading the defendant into moving for a mistrial.
4. That the actions by the trial court assistant for the State were inadvertent, accidental, and unintentional.
5. That the presence of the trial court assistant's cellular phone in the courtroom was not a violation of the court rules.
6. That this Court declines to adopt a new standard for reckless behavior, but even if it did, the trial court assistant's behavior was not reckless.
This interlocutory appeal followed.
Our supreme court has long recognized the right to an immediate appeal from the denial of a motion to dismiss on double-jeopardy grounds. Dilday v. State , 369 Ark. 1, 250 S.W.3d 217 (2007). The Fifth Amendment to the United States Constitution and article 2, section 8, of the Arkansas Constitution require that no person be twice put in jeopardy of life or liberty for the same offense. The Double *273 Jeopardy Clause protects criminal defendants from (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. Green v. State , 2011 Ark. 92, 380 S.W.3d 368.
We review a circuit court's denial of a motion to dismiss on double-jeopardy grounds de novo on appeal. Cox v. State , 2012 Ark. App. 499, 423 S.W.3d 131. When the analysis presents itself as a mixed question of law and fact, the factual determinations made by the circuit court are given due deference and are not reversed unless clearly erroneous. Id. However, the ultimate decision by the circuit court that the defendant's protection against double jeopardy was not violated is reviewed de novo with no deference given to the circuit court's determination. Id. The examination of the prosecutor's intent calls for the circuit court to make a finding of fact by inferring the existence or nonexistence of intent from objective facts and circumstances. Jackson v. State , 322 Ark. 710, 911 S.W.2d 578 (1995) (citing Kennedy , 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 ).
In Kennedy , 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416, the United States Supreme Court stated that, although there is ordinarily no double-jeopardy bar to retrial when the defendant requests the termination of his first trial, there is a narrow exception that will bar retrial. The Supreme Court held that the circumstances under which such a defendant may invoke the bar of double jeopardy in a second effort to try him are limited to those cases in which the conduct giving rise to the successful motion for a mistrial was intended to provoke the defendant into moving for a mistrial. Id. In other words, only where the governmental conduct in question is intended to "goad" the defendant into moving for a mistrial may a defendant raise the bar of double jeopardy to a second trial after having succeeded in aborting the first trial on his own motion. Id. Prosecutorial conduct that might be viewed as harassment or overreaching, even if it is sufficient to justify a mistrial on defendant's motion, therefore, does not bar retrial absent intent on the part of the prosecutor to subvert the protections afforded by the Double Jeopardy Clause. Id. ; Cox , supra . Our supreme court has adopted the standards set forth in Kennedy and has declined on multiple occasions to broaden this standard, and we decline to do so. Green , supra .
Appellant argues that the circuit court's finding of fact that the State did not intend to provoke his motion for mistrial is clearly erroneous. In support, appellant argues that the State had repeatedly argued that the photograph should have been admissible and that, once excluded, the photograph should not have been "stored in such a way that it was easily accessible to the prosecution team." Additionally, appellant argues that the circuit court's finding could not have been reached without resorting to speculation because there was no sworn testimony presented at an evidentiary hearing and because "there is ample evidence that the State intended to provoke a mistrial motion."
We cannot agree with appellant's assertions. The State argued against the mistrial but was ultimately unsuccessful. Therefore, it is apparent that the State wished to continue with the first trial. Furthermore, the record does not support that a mistrial was to the State's advantage as the trial did not appear to be going badly for the State. See Cox , supra . A.D. had already testified to the sexual abuse, and her testimony alone was sufficient to sustain a conviction. Id. Additionally, there was testimony that appellant's DNA matched the *274 semen found on A.D.'s comforter. Other than appellant's assertion otherwise, appellant fails to give any reason for the State to want a mistrial, and there is no indication that the State intentionally goaded appellant into requesting one. Thus, we cannot say on this record that the circuit court's factual findings were clearly erroneous or that the circuit court ultimately erred in denying appellant's motion to dismiss.
Affirmed.
Harrison and Murphy, JJ., agree.