Cite as 2020 Ark. App. 196

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-19-676

|  |  |  |
|---|---|---|
| | | **Opinion Delivered** March 18, 2020 |
| MICHAEL HULL | | APPEAL FROM THE CLAY COUNTY CIRCUIT COURT, EASTERN DISTRICT [NOS. 11PCR-17-111 & 11PCR-18-7] |
| | APPELLANT | |
| V. | | HONORABLE RANDY F. PHILHOURS, JUDGE |
| STATE OF ARKANSAS | | REBRIEFING ORDERED; MOTION TO WITHDRAW DENIED |
| | APPELLEE | |

## LARRY D. VAUGHT, Judge

Michael Hull pled guilty in 2018 to possession of methamphetamine and possession of drug paraphernalia, both Class D felonies, and was sentenced to a five-year term of supervised probation. The State filed a petition to revoke Hull's probation in August 2018 alleging three violations. In January 2019, the State filed an amended petition to revoke alleging four additional violations. Following a hearing, the Clay County Circuit Court revoked Hull's probation and sentenced him to two five-year terms of imprisonment, to run consecutively. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(k)(1) of the Rules of the Arkansas Supreme Court and Court of Appeals, Hull's attorney has filed a motion to withdraw as counsel along with a no-merit brief asserting that there is no issue of arguable merit for an appeal. Hull was notified of his right to file pro se points for reversal, but he has not filed any such points. Because Hull's counsel's no-merit brief is not in

compliance with *Anders* and Rule 4-3(k), we order rebriefing and deny counsel's motion to withdraw.

Rule 4-3(k)(1) requires that the argument section of a no-merit brief contain "a list of all rulings adverse to the defendant made by the circuit court on all objections, motions and requests . . . with an explanation as to why each adverse ruling is not a meritorious ground for reversal." Generally speaking, if a no-merit brief fails to address all the adverse rulings, it will be sent back for rebriefing. *Sartin v. State*, 2010 Ark. 16, at 8, 362 S.W.3d 877, 882. The requirement for abstracting and briefing every adverse ruling ensures that the due-process concerns in *Anders* are met and prevents the unnecessary risk of a deficient *Anders* brief resulting in an incorrect decision on counsel's motion to withdraw. *Id.*, 362 S.W.3d at 882. Pursuant to *Anders*, we are required to determine whether the case is wholly frivolous after a full examination of all the proceedings. *T.S. v. State*, 2017 Ark. App. 578, at 3, 534 S.W.3d 160, 162. A no-merit brief in a criminal case that fails to address an adverse ruling does not satisfy the requirements of Rule 4-3(k)(1), and rebriefing will be required. *Jester v. State*, 2018 Ark. App. 360, at 2, 553 S.W.3d 198, 199 (citing *Sartin*, 2010 Ark. 16, at 8, 362 S.W.3d at 882).

The record demonstrates that counsel abstracted and addressed the sufficiency of the evidence supporting the circuit court's decision to revoke Hull's probation. However, counsel failed to discuss three other adverse rulings.

At the onset of the revocation hearing, Hull advised the circuit court that he was "dismissing" his appointed counsel by stating, "I don't want him." Hull then asked, "Can I get an hour to at least call somebody else?" Hull stated that he did not want to represent himself, he had previously spoken with a private attorney, and he should have paid the

2

attorney's fee. The court denied Hull's request to relieve his appointed counsel and his request for a continuance to call a private attorney. After appointed counsel stated that he was prepared to go forward with the revocation hearing, the court permitted Hull to represent himself with the assistance of appointed counsel. During the revocation hearing, Hull did not ask any questions of the State's witness and instructed his appointed counsel not to ask any questions. Hull did not call any witnesses on his behalf.

The circuit court's denial of Hull's requests to relieve his appointed counsel and for a continuance to hire private counsel are adverse rulings. The circuit court's denial of Hull's request to relieve his appointed attorney resulted in Hull's representing himself, which raises a third adverse ruling—whether Hull knowingly and intelligently waived his right to counsel. Hull's counsel has failed to explain why these adverse rulings would not be meritorious grounds for reversal on appeal. Therefore, rebriefing is required. *Jester, supra.*

Counsel is encouraged to review *Anders* and Rule 4-3(k) of the Arkansas Rules of the Supreme Court and Court of Appeals for the requirements of a no-merit brief. Counsel has fifteen days from the date of this opinion to file a substituted brief that complies with the rules. Ark. Sup. Ct. R. 4-2(b)(3) (2019). After counsel has filed the substituted brief, our clerk will forward counsel's motion and brief to Hull, and he will have thirty days within which to raise pro se points in accordance with Rule 4-3(k). The State will likewise be given an opportunity to file a responsive brief if pro se points are made.

Rebriefing ordered; motion to withdraw denied.

KLAPPENBACH and BROWN, JJ., agree.

*Skarda & Lonidier P.L.L.C.*, by: *Kirk B. Lonidier*, for appellant.

One brief only.

3