Cite as 2020 Ark. App. 329

# ARKANSAS COURT OF APPEALS

DIVISION IV

**No.** CR–19–758

| | | |
|---|---|---|
| | | **OPINION DELIVERED:** JUNE 3, 2020 |
| MICHELLE LAWRENCE | APPELLANT | APPEAL FROM THE GRANT COUNTY CIRCUIT COURT [NO. 27CR–16–143] |
| V. | | HONORABLE CHRIS E WILLIAMS, JUDGE |
| STATE OF ARKANSAS | APPELLEE | REBRIEFING ORDERED; MOTION TO WITHDRAW DENIED |

## ROBERT J. GLADWIN, Judge

Michelle Lawrence was convicted on charges of simultaneous possession of firearms and narcotics, possession of a controlled substance, possession of drug paraphernalia, and possession of a firearm by certain person, for which she was sentenced as a habitual offender to a total of ninety-five years in the Arkansas Department of Correction. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4–3(k)(1) of the Rules of the Arkansas Supreme Court and Court of Appeals, Lawrence's attorney has filed a motion to withdraw as counsel along with a no-merit brief asserting that there is no issue of arguable merit for an appeal. The clerk of this court furnished Lawrence with a copy of her counsel's motion and brief and notified her of her right to file pro se points for reversal. Lawrence has filed pro se points for reversal, and the State has filed a brief fully addressing those points and asserting that her arguments are either barred or without merit.

Because Lawrence's counsel's no-merit brief is not in compliance with *Anders* and Rule 4–3(k), we order rebriefing and deny counsel's motion to withdraw. Rule 4–3(k)(1) requires that the argument section of a no-merit brief contain "a list of all rulings adverse to the defendant made by

the circuit court on all objections, motions and requests . . . with an explanation as to why each adverse ruling is not a meritorious ground for reversal." Our rules require that if a no-merit brief fails to address all the adverse rulings, it generally will be sent back for rebriefing. *Hull v. State*, 2020 Ark. App. 196, at 2.

The requirement for abstracting and briefing every adverse ruling ensures that the due-process concerns in *Anders* are met and prevents the unnecessary risk of a deficient *Anders* brief resulting in an incorrect decision on counsel's motion to withdraw. *Id*. Pursuant to *Anders*, we are required to determine whether the case is wholly frivolous after a full examination of all the proceedings. *Hull, supra*; *see also T.S. v. State*, 2017 Ark. App. 578, at 3, 534 S.W.3d 160, 162. A no-merit brief in a criminal case that fails to address an adverse ruling does not satisfy the requirements of Rule 4-3(k)(1), and rebriefing will be required. *Hull, supra.*

The record demonstrates that counsel abstracted and addressed the sufficiency of the evidence supporting her convictions. Counsel also addressed adverse rulings related to two evidentiary objections. However, counsel failed to discuss at least one other adverse ruling. Lawrence's counsel made the following motion in limine regarding certain items that were seized pursuant to the search:

> There were a number of items that were recovered from the search. And in the case file there is an evidence list. And I hand the Court my exhibit to that. It lists a number of items: a grinder, assorted pipes, baggies. It mentions marijuana, a number of different pills. And the only thing that Ms. Lawrence is charged with is possession of methamphetamine, possession of paraphernalia to ingest or inhale, and the possession of firearm, and the simultaneous possession.

> There is in the charges themselves only the methamphetamine-related charges does she have. It's the Defense position that all of these other items that were taken in the search are irrelevant to the methamphetamine case. They're cumulative and they'll serve no purpose but to prejudice the case and have no probative value because she was not charged with them.

The circuit court stated that it would grant Lawrence's motion in that the State could only "go into the methamphetamine" and that any reference to drugs other than the charged methamphetamine would be excluded. The problem arises because the circuit court, in the same ruling, held that the State could discuss "all the paraphernalia that's alleged in here. That can come in because any of that could have fell up within the drug paraphernalia."

The circuit court partially granted Lawrence's motion and specifically denied part of it. The partial denial was a ruling that was adverse to Lawrence, and counsel should have explained why it would not be a meritorious ground for reversal on appeal. Therefore, rebriefing is required. *Hull*, *supra*.

The deficiency we have identified should not be considered exhaustive, and counsel is encouraged to review *Anders* and Rule 4-3(k) regarding the requirements of a no-merit brief. Counsel has fifteen days from the date of this opinion to file a substituted brief that complies with the rules. Ark. Sup. Ct. R. 4-2(b)(3) (2019). After counsel has filed the substituted brief, our clerk will forward counsel's new motion and brief to Lawrence, and she will have thirty days within which to raise additional pro se points in accordance with Rule 4-3(k). The State will likewise be given an opportunity to file a responsive brief if additional pro se points are made.

Rebriefing ordered; motion to withdraw denied.

HARRISON and HIXSON, JJ., agree.

*Gregory Crain*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael Y. Yarbrough*, Ass't Att'y Gen., for appellee.