Cite as 2020 Ark. App. 348

# ARKANSAS COURT OF APPEALS

DIVISION I

**No.** CR-19-671

| | |
|---|---|
| RYAN JAMES KIRKLAND | **Opinion Delivered:** June 10, 2020 |
| APPELLANT | APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT [NO. 72CR-15-1231] |
| V. | |
| STATE OF ARKANSAS | HONORABLE JOANNA TAYLOR, JUDGE |
| APPELLEE | REBRIEFING ORDERED; MOTION TO WITHDRAW DENIED |

## MEREDITH B. SWITZER, Judge

Ryan Kirkland was tried by a jury[1] and found guilty of two counts of second-degree sexual assault and three counts of rape. He was sentenced to a total of ninety years in the Arkansas Department of Correction. A timely notice of appeal was filed. Kirkland's appointed appellate counsel has filed a motion to withdraw and accompanying brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(k) of the Rules of the Supreme Court and Court of Appeals of Arkansas. He contends that this appeal is wholly without merit. The clerk of this court provided Kirkland with a copy of his counsel's motion to withdraw along with the accompanying brief and informed him of his right to file pro se

---

[1]A mistrial was declared when Kirkland was first tried on these charges. He subsequently moved for dismissal of the charges on double-jeopardy grounds. He pursued an interlocutory appeal from the circuit court's denial of his motion. This court affirmed the denial in *Kirkland v. State*, 2018 Ark. App. 396, 557 S.W.3d 270.

points. Kirkland filed no pro se points. Because counsel's no-merit brief does not comply with *Anders* and Rule 4-3(k), we order rebriefing and deny counsel's motion to withdraw.

Rule 4-3(k)(1) of the Rules of the Supreme Court and Court of Appeals of Arkansas requires that the argument section of a no-merit brief contain "a list of all rulings adverse to the defendant made by the circuit court on all objections, motions and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal." *See also, e.g.*, *Hull v. State*, 2020 Ark. App. 196. Generally, a no-merit brief will be returned for rebriefing if it fails to address all the adverse rulings. *Id*. Abstracting and briefing every adverse ruling is required to ensure that the due-process concerns in *Anders* are met and to prevent the unnecessary risk of a deficient *Anders* brief resulting in an incorrect decision concerning counsel's motion to withdraw. *Id*. Pursuant to *Anders*, we are required to determine whether the case is wholly frivolous after a full examination of all the proceedings. *Id*. A no-merit brief in a criminal case that fails to address an adverse ruling does not satisfy the requirements of Rule 4-3(k)(1), and rebriefing will be required. *Id*.

Here, counsel has addressed "twenty-one potential appeal issues" and purportedly all adverse rulings in this case. Our review of the record, however, reveals at least one adverse ruling—possibly more—that was not presented and discussed by counsel. For example, on page 17 of the abstract and pages 1122–24 of the record, the State objected to the testimony of the victim's mother about the alleged victim having cut herself in junior high, arguing that it had nothing to do with this case and was not relevant. In sustaining the State's objection, the court stated that the matter was totally collateral. Although abstracted, we

2

have not been able to find where this adverse ruling is addressed in counsel's brief. On page 10 of the argument, under item No. 9, counsel lumps together "several occasions" where trial counsel attempted "to impeach a witness with excerpts from the witness' recorded statement," with the circuit court ruling that the defense was bound on cross-examination by the witness's "answer on collateral matters and could not impeach that answer with extrinsic evidence." The only way to discern which witness is involved and what is actually being discussed is to turn to the abstract pages referenced by counsel. Abstract pages 13, 14, 15, 16, and 20 are specifically referenced. There is no mention of abstract page 17 or any mention of "cutting." It is therefore impossible to conclude that the omitted adverse ruling is somehow lumped into this discussion. Thus, there is at least one adverse ruling that Kirkland's appellate counsel has failed to present and explain why it would be wholly without merit as a ground for reversal on appeal. The omission of even one adverse ruling requires that we return for rebriefing. *Hull*, *supra*.

Moreover, to satisfy the requirement that counsel explain why each adverse ruling is not a meritorious ground for reversal, more precision than was, at times, provided here is essential so that we may easily understand which adverse ruling is involved and why it would be wholly without merit. By way of example, on argument pages 8 and 9, counsel addresses an Arkansas Rule of Evidence 404(b) objection made at trial. The circuit court found, in part, that the evidence was proper under Rule 404(b). In discussing this adverse ruling, counsel relies entirely on the general abuse-of-discretion standard of review for evidentiary rulings. However, in determining whether the circuit court has abused its discretion in making a ruling on the admissibility of Rule 404(b) evidence, it is necessary to delve into

3

Rule 404(b) itself. Rule 404(b) was not discussed here. This is not the only instance in which more explanation regarding an adverse ruling was needed, and we do not attempt to provide an exhaustive list.

Counsel is encouraged to revisit all adverse rulings and to review *Anders* and Rule 4-3(k) of the Rules of the Supreme Court and Court of Appeals of Arkansas for the requirements of a no-merit brief. Counsel has fifteen days from the date of this opinion to file a substituted brief that complies with the rules. *Hull*, *supra*. After counsel has filed the substituted brief, our clerk will forward counsel's motion and brief to Kirkland, and he will have thirty days within which to raise pro se points in accordance with Rule 4-3(k). The State will likewise be given an opportunity to file a responsive brief if pro se points are made.

Rebriefing ordered; motion to withdraw denied.

ABRAMSON and VIRDEN, JJ., agree.

*Cullen & Co., PLLC*, by: *Tim Cullen*, for appellant.

One brief only.

4