Cite as 2021 Ark. App. 102

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CR-19-676

|  |  |
|---|---|
| MICHAEL HULL | **Opinion Delivered** March 3, 2021 |
| APPELLANT | APPEAL FROM THE CLAY COUNTY CIRCUIT COURT, EASTERN DISTRICT [NOS. 11PCR-17-111 & 11PCR-18-7] |
| V. | HONORABLE RANDY F. PHILHOURS, JUDGE |
| STATE OF ARKANSAS | |
| APPELLEE | REVERSED AND REMANDED |

## LARRY D. VAUGHT, Judge

Michael Hull appeals from two April 29, 2019 sentencing orders entered by the Clay County Circuit Court revoking his probation in case Nos. CR-17-111 and CR-18-7. On appeal, he argues that the circuit court clearly erred when it found that he knowingly and intelligently waived his Sixth Amendment right to counsel; that his standby counsel did not actively represent him during the revocation hearing to an extent sufficient to overcome the invalid waiver of counsel; and that the circuit court abused its discretion in denying his motion for a continuance to hire new counsel. We reverse and remand Hull's first two points on appeal and hold that his third point is moot.

Hull pled guilty on April 3, 2018, to possession of drug paraphernalia in case No. CR-17-111 and to possession of methamphetamine in case No. CR-18-7, both Class D felonies, and he received a five-year term of supervised probation for each offense, to run concurrently.

On August 15, the State filed a petition to revoke Hull's probation in both cases alleging that he had violated three probation conditions. In January 2019, the State filed an amended petition to revoke alleging four additional violations.

A revocation hearing was held on April 29, 2019, after which the circuit court revoked Hull's probation and sentenced him to two five-year terms of imprisonment, to run consecutively. Hull's counsel filed a motion to withdraw along with a no-merit brief contending that there were no issues of arguable merit for appeal. We denied the motion to withdraw and ordered rebriefing because Hull's counsel's no-merit brief failed to address all adverse rulings in violation of *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(k)(1) of the Rules of the Arkansas Supreme Court. *Hull v. State*, 2020 Ark. App. 196, at 1.[1]

Hull's counsel filed another motion to withdraw and a new no-merit brief that addressed all adverse rulings and again argued that there were no issues of arguable merit for appeal. We denied counsel's motion to withdraw and ordered rebriefing on the merits, holding that the issues of whether Hull knowingly and intelligently waived his right to counsel and whether Hull's standby counsel's representation mooted the assertion of an invalid waiver were not wholly frivolous ones. *Hull v. State*, 2020 Ark. App. 410, at 7–9, 607 S.W.3d 516, 520–22.

In this third appeal, Hull first argues that the circuit court clearly erred when it found that Hull knowingly and intelligently waived his Sixth Amendment right to counsel. He

---

[1]Specifically, we held that counsel failed to address whether Hull knowingly and intelligently waived his right to counsel and whether the circuit court abused its discretion in denying Hull's motion for a continuance to hire private counsel. *Hull*, 2020 Ark. App. 196, at 3.

contends that the circuit court failed to adequately explain to him the risks and consequences of proceeding without representation. The State concedes the argument. We agree with Hull.

Our standard of review is whether the circuit court's finding that the waiver of rights was knowingly and intelligently made was clearly against the preponderance of the evidence. *Sirkaneo v. State*, 2019 Ark. 308, at 7, 586 S.W.3d 606, 610. As we set forth in *Hull*, 2020 Ark. App. 410, at 4–5, 607 S.W.3d at 519:

> The right of a criminal defendant to proceed pro se was delineated in *Faretta v. California*, 422 U.S. 806 (1975), where the Supreme Court held that "in order to represent himself, the accused must knowingly and intelligently forgo those relinquished benefits [traditionally associated with the right to counsel]." *Hatfield v. State*, 346 Ark. 319, 324–25, 57 S.W.3d 696, 700 (2001) (citing *Faretta*, 422 U.S. at 835). The Supreme Court further stated that although a defendant need not have the skill and experience of a lawyer in order to competently and intelligently choose self-representation, he "should be made aware of the dangers and disadvantages of self-representation so that the record will establish that he knows what he is doing and his choice is made with eyes open." *Hatfield*, 346 Ark. at 325, 57 S.W.3d at 700 (citing *Faretta*, 422 U.S. at 835; *Adams v. United States ex rel. McCann*, 317 U.S. 269 (1942)).

The colloquies between the circuit court, Hull, and Lonidier—Hull's standby counsel—at the onset of and during the revocation hearing are set forth in detail in our opinion in *Hull*, 2020 Ark. App. 410, at 3–4, 607 S.W.3d at 518–19. After inquiring about Hull's educational background and his previous experience participating in similar legal proceedings, the circuit court merely stated, "I urge you not to take this step," and "[P]eople shouldn't represent themselves in court." The court did not warn Hull that he would have to comply with the rules of evidence and criminal procedure and did not explain the consequences of failing to follow these rules. Also, the court did not explain the significance of preserving points for appeal. Because the court's inquiry and admonitions are insufficient explanations to

3

Hull of the dangers and disadvantages of self-representation, we hold that the circuit court clearly erred in finding that Hull knowingly and intelligently waived his right to counsel.

Hull's second point on appeal is that his standby counsel did not actively represent him during the revocation hearing to an extent sufficient to overcome the invalid waiver of counsel. The State concedes this argument too.

The assistance of standby counsel can rise to a level that the defendant is deemed to have had counsel for his defense, thereby mooting any assertion of involuntary waiver. *Bledsoe v. State*, 337 Ark. 403, 410, 989 S.W.2d 510, 514 (1999). Whether such assistance rises to that level is a question that must be answered by looking at the totality of the circumstances. *Id.*, 989 S.W.2d at 514. Our cases on this issue demonstrate that the assistance must be substantial, such that counsel was effectively conducting a defense. *Id.*, 989 S.W.2d at 514.

Lonidier did not actively participate in Hull's defense. Lonidier did not question any witnesses, make any objections, make any argument on behalf of Hull, or introduce any evidence into the record. Lonidier effectively relinquished representation to Hull, who then instructed Lonidier to do nothing. Under these circumstances, we hold that Lonidier did not actively represent Hull during the revocation hearing sufficient to overcome the invalid waiver of counsel. We reverse and remand for a new trial.

Hull's third and final point on appeal is that the circuit court abused its discretion in denying Hull's motion for a continuance to hire new counsel. The State contends that because Hull's first and second points on appeal have merit and require reversal and remand, this third point is moot. We agree.

4

As a general rule, our appellate courts will not review issues that are moot. *Pinney v. State*, 2020 Ark. App. 467, at 11, 609 S.W.3d 671, 679. To do so would be to render advisory opinions, which this court will not do. *Id.* at 11–12, 561 S.W.3d at 765. A case becomes moot when any judgment rendered would have no practical legal effect upon a then existing legal controversy. *Id.* at 12, 561 S.W.3d at 765.[2]

In the case at bar, we are reversing and remanding for a new trial because Hull did not knowingly and intelligently waive his right to counsel and because he did not relinquish representation to his standby counsel. Therefore, a ruling on his motion for continuance to hire new counsel would be moot, and we decline to address it.

Reversed and remanded.

GLADWIN and HIXSON, JJ., agree.

*Skarda & Lonidier P.L.L.C.*, by: *Kirk B. Lonidier*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Christian Harris*, Ass't Att'y Gen., for appellee.

---

[2]Two exceptions to the mootness doctrine have been recognized: issues that are capable of repetition yet evade review and issues that raise considerations of substantial public interest which, if addressed, would prevent future litigation. *Pinney*, 2020 Ark. App. 467, at 12 n.2, 609 S.W.3d at 679 n.2. These exceptions do not apply.